## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAUL E. TRUJILLO,     )
            )
     Plaintiff,   )
            )
vs.           )    No. CIV 05-1334 RB/LAM
            )
VALERO ENERGY CORP. et. al,  )
            )
     Defendant.  )

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Remand (Doc. 8), filed on January 20, 2006, and Defendant's Motion to Dismiss (Doc. 2), filed on December 23, 2005. Defendant removed this personal injury claim to this Court pursuant to 28 U.S.C. §§ 1441, 1446, 1447 (1996). Original jurisdiction arises, if at all, under 28 U.S.C. § 1332 (2005). Having considered the submissions, and being otherwise fully advised, I hereby grant Plaintiff's motion and remand this matter to the State of New Mexico's Thirteenth Judicial District as follows.

## I. Background.

Plaintiff alleged that, at approximately 10:00 p.m. on May 28, 2002, he was injured at Defendant Valero's Diamond Shamrock Service Station located at the intersection of Jarales and River Roads in Belen, New Mexico. (Compl. ¶7.) According to Plaintiff, while attempting to fuel his car the gas-pump handle suddenly separated from the hose and, "rising up erect under full pressure," struck Plaintiff's forehead. (Compl. ¶8.) Moreover, Plaintiff claimed that gasoline, flowing from the pump "at an unrestricted" rate, discharged directly into Plaintiff's eyes and mouth. (Compl. ¶8.) Despite his "screaming" for help, Plaintiff averred that Defendant's service station

employees failed to promptly come to his aid.  (Compl. ¶10-11.)  Simply put, Plaintiff alleged that

he incurred injuries proximately caused by Defendants' negligence in failing to: (1) properly maintain

the fuel pump; and (2) assist Plaintiff in a timely manner.  (Compl. ¶¶13-14.)

Plaintiff's Complaint did not quantify the amount of damages sought.  The Complaint did,

however, describe Plaintiff's damages that he claimed Defendant's negligence proximately caused:

> traumatization, temporary blindness, burns to skin, panic attacks and other
> psychological stress requiring therapy, past and future medical expenses, pain and
> suffering, loss of income, loss of care and management of household, farm and an
> impaired ability to practice law, and other damages to be proven at trial.

(Compl. ¶15.)  Moreover, in addition to compensatory damages for the aforementioned injuries,

Plaintiff sought: "costs of this action, prejudgment and post-judgment interest, and for such other and

additional relief as the Court may deem proper."  (Compl. at 3.)

On May 25, 2005, Plaintiff filed this claim in the State of New Mexico's Thirteenth Judicial

District.  (Compl. at 1.)  Plaintiff served  Defendant with a Summons and copy of the Complaint on

November 22, 2005.  (Def.'s Notice of Removal at 1.)  Defendant timely filed a Notice of Removal

in this Court on December 22, 2005.  (Def.'s Notice of Removal at 1.)

## II.      Plaintiff's Motion to Remand.

The district courts of the United States are "courts of limited jurisdiction . . .[that] possess

only that power authorized by Constitution and statute."  *Exxon Mobil Corp. v. Allapattah Servs.,*

*Inc.*, 125 S. Ct. 2611, 2616 (2005).  Accordingly, "[a] civil action is removable only if a plaintiff

could have originally brought the action in federal court."  *See Oklahoma Farm Bureau Mut. Ins. Co.*

*v. JSSJ Corp.*, No. 04-6154, 149 Fed. Appx. 775, 778 (10th Cir. Sept. 8, 2005) (unpublished)

(internal quotation marks and citation omitted).

Defendant's Notice of Removal asserted that this Court has subject-matter jurisdiction to hear this case pursuant to this Court's diversity jurisdiction.[1]  *See* 28 U.S.C. §1332.  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction to adjudicate civil actions where diversity of citizenship exists and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  *Id*.  It is undisputed that complete diversity of citizenship exists between the parties.[2]  Conversely, the parties emphatically contest whether the amount-in-controversy exceeds the requisite $75,000 threshold.

Defendant maintained that, although Plaintiff failed to expressly quantify the damages sought, the allegations included in the Complaint establish that the amount-in-controversy meets the requisite amount-in-controversy.  (Def.'s Notice of Removal ¶6.)  Plaintiff, conversely, argued that "neither the Complaint . . . nor Defendant's Notice of Removal" provides the "requisite underlying facts to establish that the amount-in-controversy exceeds $75,000."  (Pl.'s Mot. to Remand ¶¶7-8.)

Defendant, as the party invoking federal jurisdiction here, bears the burden of establishing the amount-in-controversy.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).  The Court of Appeals for the Tenth Circuit has held that, "at a minimum," a defendant must establish "the jurisdictional amount . . . by a preponderance of the evidence."  *Id*. (declining to "decide whether a more stringent one should be applied"); *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th

---

[1]No other potential basis for federal jurisdiction appears in the pleadings.  (Compl. ¶¶14-15 (asserting only state common law negligence claims).)

[2]Plaintiff is a resident of New Mexico.  (Compl. ¶1; Service of Process at 1.)  Defendant Valero is incorporated in Delaware and has its primary place of business in Texas.  Accordingly, "complete diversity" of citizenship exists between the parties.  *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *Gadlin v. Sybron Intern. Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) (diversity jurisdiction exists "only if there is no plaintiff and no defendant who are citizens of the same State.").

Cir. 1995) (Kelly, J.) ("The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts' supporting [the] assertion that the amount in controversy exceeds" the jurisdictional minimum).  A defendant's "right to remove" and a plaintiff's "right to choose his forum are, therefore, not on equal footing" and, thus, "uncertainties" regarding whether diversity jurisdiction exists, are "resolved in favor of remand."  *See Martin*, 251 F.3d at 1290. Indeed, in *Laughlin v. Kmart Corp.*, the Tenth Circuit made clear that "there is a presumption against removal jurisdiction."  *Laughlin*, 50 F.3d  at 873.

Establishing that the amount-in-controversy exceeds $75,000 requires reviewing the complaint, and if it does not expressly quantify the damages sought, reviewing the notice of removal. *See id*.  Thus, for federal diversity jurisdiction to exist, the "requisite amount in controversy must be *affirmatively established* on the face of either the [complaint] or the removal notice."  *See Martin*, 251 F.3d at 1290 (internal quotation marks and citation omitted) (emphasis in original); *see also Boeing Wichita Credit Union v. Wal-Mart Real Estate Bus. Trust*, 370 F. Supp. 2d 1128, 1130 (D. Kan. 2005) ("the Tenth Circuit has strongly suggested that no additional evidence beyond the complaint and notice of removal may be considered in determining whether the amount in controversy is sufficient to confer jurisdiction.").

Here, the Complaint does not specify the amount of damages sought by Plaintiff.  (Def.'s Notice of Removal ¶6; Compl. at 3.)  Indeed, as Plaintiff noted, the New Mexico Rules of Civil Procedure 1-010(B) bars a plaintiff from including "any specific monetary amount" of damages.  *See* N.M. R. CIV. P. 1-010(B) (2006) ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.").  For Defendant to demonstrate that this Court has jurisdiction, therefore, the Complaint and Notice of Removal must

4

contain *sufficient underlying facts* to establish that the amount-in-controversy "more likely than not exceeds $75,000." *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000) (Baldock, J., sitting by designation) (emphasis added).   At the same time, in making this determination, it must be underscored that: "[i]t would be an overreading of *Laughlin* to ignore the context of the case, as informed by the substance of the complaint or by other material in the record at the time of removal." *See Hanna v. Miller*, 163 F. Supp. 2d 1302, 1303 (D.N.M. 2001) (Kelly, J., sitting by designation) (finding that, for instance, the "severity of the accident" should be considered in assessing whether complaint and notice of removal established the requisite jurisdictional amount); *see also Laughlin*, 50 F.3d at 873 (Kelly, J.) (recognizing that "there is a presumption against removal jurisdiction").

Review of the Complaint and Notice of Removal reveals that it is *not* "affirmatively apparent on the record" that Plaintiff's claims exceeds $75,000.  *See Oklahoma Farm Bureau Mut. Ins. Co.*, 149 Fed. Appx. at 778 (citing *Laughlin*, 50 F.3d at 873) (amount-in-controversy not established where complaint and notice of removal "simply recite[d]" the requisite jurisdictional amount and failed to evidence "'underlying facts supporting this assertion").  First, the Complaint alleged that Plaintiff was transported, "by emergency vehicle," from Belen to "Presbyterian Hospital in Albuquerque."  (Compl. ¶12.)  The Complaint further stated that Plaintiff suffered, *inter alia*, "temporary blindness," "burns to skin" and "panic attacks and other psychological stress requiring therapy" stemming from the incident.  (Compl. ¶15.)  Hence, Plaintiff sought damages for "past and future medical expenses," "pain and suffering," damages stemming from his "diminished ability to practice law" and "lost income."  (Compl. ¶15.)

Notably, however, the Complaint failed to indicate the extent of Plaintiff's injuries and

damages.  Plaintiff did not itemize the medical expenses incurred, nor the medical treatment he

received in any regard.  Likewise, while Plaintiff claimed damages for "lost income" due to his

"diminished ability to practice law," the Complaint provided no information regarding Plaintiff's

average income before or after the accident.  Indeed, the Complaint failed to affix any dollar amount

to *any* component of Plaintiff's alleged injuries or claimed damages.  (Compl. ¶16.)  Considering the

circumstances Plaintiff alleged brought about these injuries - i.e. being struck in the forehead by a fuel

pump handle and having gasoline discharged into his mouth and eyes - the "amount in controversy

[can] not be determined from the face of the [C]omplaint."  *See Martin*, 251 F.3d at 1251; *Hanna*,

163 F. Supp. at 1305 ("courts may consider the *substance and nature* of the injuries and damages

described in the pleadings. . .") (emphasis added).  *Compare Hanna*, 163 F. Supp. at 1305 (removal

proper: underlying facts in record established requisite amount-in-controversy where the case arose

from serious collision involving passenger van and semi-tractor trailer, which killed five persons and

severely injured plaintiff), *with, e.g.*, *Varela*, 86 F. Supp. 2d at 1111 (removal improper: controversy

stemmed from injuries sustained by plaintiff, an elderly retiree, when she "slipped on an apple peel

near [defendant's] check-out registers," fell and "twisted her back and ankle"), *Maestas v. Cardinal*

*Health PTS, LLC*, No. 05-242 (D.N.M. July 18, 2005) (Herrera, J.) (Mem. Op. and Order) (removal

improper: plaintiff's complaint for work-place retaliation and contractual interference "merely ma[de]

a demand for compensatory and punitive damages . . . but . . . d[id] not allege any concrete facts

(such as the difference in pay between what Maestas received . . . and what he would have received

as a supervisor during the relevant time period) from which one might infer the amount of those

alleged damages."), *and Boeing Wichita Credit Union*, 370 F. Supp. 2d at 1130 (removal improper:

"[a]lthough defendant made a veiled reference to this new lease [which would have evidenced the

jurisdictional amount] in its response to the court's order to show cause, based on *Martin* and *Laughlin*, the court is limited to considering only the evidence presented in the petition and notice of removal.").

Defendant's Notice of Removal asserted that the amount-in-controversy related to Plaintiff's claims, "at the time suit was filed and at the time of this removal exceed[ed] $75,000." (Def.'s Notice of Removal ¶6.)  Therein, Defendant emphasized that the Complaint prayed for Plaintiff's "lost earnings" and "impaired ability to practice law" and that such "[c]laims for loss of future earnings *can* result in significant damages well beyond the jurisdictional threshold." (Def.'s Notice of Removal ¶6 (emphasis added).)  But "this mere summary, of course, does not provide the requisite facts lacking in the [C]omplaint." *See Martin*, 251 F.3d at 1291.

To the extent Defendant's petition attempted to analogize Plaintiff's claim to other New Mexico personal injury cases where the plaintiffs' recovery exceeded $75,000, it did so unpersuasively.  For instance, the Notice of Removal cited two cases in support of its conclusory proposition that "[c]laims for loss of future earnings can result in significant damages well beyond the jurisdictional threshold," but provided only cursory treatment of those cases.  (Def.'s Notice of Removal ¶6.)  Defendant's parenthetical explanation for *Martinez v. Safeco Ins. Co.*, 108 N.M. 385, 387, 772 P.2d 1308, 1310 (Ct. App. 1988), stated only that the *Martinez* plaintiff, a plumber, "presented opinion testimony of impaired future earnings over $1.1 million." (Def.'s Notice of Removal ¶6.)  Likewise, Defendant noted, without further explanation, that the plaintiff in *Southard v. Fox*, 113 N.M. 774, 775, 883 P.2d 251, 252 (Ct. App. 1992), evidenced a lost earning capacity of "between $284,000 and $355,000." (Def.'s Notice of Removal ¶6.)  Defendant's petition failed to indicate, for instance, whether the cited cases' underlying facts - i.e. the plaintiffs' alleged injuries

and claimed damages - are similar to those at issue in the instant matter.

Accordingly, neither the Complaint or the Notice of Removal affirmatively establish that the amount-in-controversy exceeds the requisite jurisdictional amount. *See Martin*, 251 F.3d at 1290. It is not enough that the Notice of Removal: (1) underscored that Plaintiff is an attorney; (2) stated that damage awards "*can* result in damages" in excess of $75,000; and (3) provided bare citations, without meaningful treatment, to cases akin to the present matter. (Def.'s Notice of Removal ¶6.) Simply put, Defendant failed to carry its burden of establishing that it is "more likely than not" that the amount-in-controversy exceeds $75,000," and therefore, no subject-matter jurisdiction lies. *See Martin*, 251 F.3d at 1290; *Varela*, 86 F. Supp. 2d at 1111-12 (Baldock, J. sitting by designation) (granting plaintiff's motion to remand where defendant "offered insufficient facts" and, instead, offered "largely conclusory allegations to justify this Court's exercise of jurisdiction"). *Compare Hanna*, 163 F. Supp. at 1307 (removal premised on diversity jurisdiction: plaintiff severely injured in serious car accident) (emphasis added), *with* (Compl ¶12; Def.'s Notice of Removal ¶6) (damages claimed for injuries incurred when Plaintiff struck in head by fuel pump and gasoline discharged into mouth and eyes).

Finally, the seeming incongruity between *Laughlin* and N.M. R. Civ. P. 1-010(B) merits brief comment. Rule 1-010(B), by forbidding plaintiffs from including specific damage claims in complaints, places defendants in an unenviable position. But, while the Rule may make it easier for a plaintiff to insulate a complaint from removal, a defendant's liberty in crafting its petition for removal does not make this outcome inevitable. Indeed, conceivably, Defendant could have - despite Rule 1-010(B) - met its burden by providing a meaningful comparison of this matter to cases, with similar underlying facts and claims, where the amount-in-controversy exceeded $75,000. *E.g. Hanna*,

163 F. Supp. 2d at 1303-07. In any event, the Tenth Circuit's recognition in *Laughlin* that "there is a presumption against removal jurisdiction" is binding authority, *see Laughlin*, 50 F.3d at 873, and the delicate federalism concerns inherent in this Court's removal jurisdiction are clear. *See generally Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (holding that the removal statutes are to be strictly construed and stating that: "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined") (internal quotation marks and citation omitted).

Accordingly, because the Court lacks subject-matter jurisdiction - that is, the "judicial *power* to decide [this] controversy" - the case at bar must be remanded. *See Laughlin*, 50 F.3d at 874 (citation omitted) (emphasis in original). *Accord Oklahoma Farm Bureau Mut. Ins. Co.*, 149 Fed. Appx. at 778 ("Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts *must deny such jurisdiction if not affirmatively apparent on the record*.") (emphasis added). Plaintiff's Motion to Remand will be granted.

## III.    Defendant's Motion to Dismiss.

Defendant moved to dismiss, pursuant to FED. R. CIV. P. 12(b)(5), due to Plaintiff's failure to effect timely service of process. (Def.'s Mot. to Dismiss ¶¶1-2 (requesting dismissal).) Given that no subject-matter jurisdiction arises, however, *see supra* Part II, the Court declines to reach Defendant's Motion to Dismiss. *See Laughlin,* 50 F.3d at 873 ("'[T]he rule [that subject-matter jurisdiction is mandatory at all stages of litigation] . . . is inflexible and without exception'") (citation omitted). *Accord In re Bear River Drainage Dist.*, 267 F.2d 849, 851 (10th Cir. 1959) (indicating that it is "better practice" for district courts, presented with a motion to remand and a motion to

9

dismiss, "to rule first on the motion to remand and if granted to . . . [send] the motion to dismiss back to the state court."); 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3739 (3d ed. Supp. 2005) (where a case is removed, "the district court must be certain that federal subject-matter jurisdiction is proper before entertaining a motion by the defendant under Federal Rule 12 to dismiss").

## IV.    Conclusion.

For the foregoing reasons, Plaintiff's Motion to Remand is granted.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**