IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| PAUL E. TRUJILLO,                    )<br>                                                       )<br>           Plaintiff,                         )<br>                                                       )<br>vs.                                                )<br>                                                       )<br>VALERO ENERGY CORPORATION,  )<br>f/k/a ULTRA DIAMOND SHAMROCK )<br>CORPORATION, and JANE AND       )<br>JOHN DOES 1-10,                           )<br>                                                       )<br>           Defendants.                      ) | No. CIV. 05-1334 RB/LAM |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Plaintiff's Motion for Attorney's Fees (Doc. 23), filed on April 26, 2006.  Having considered the submissions, and being otherwise fully advised, I hereby deny the motion.

**I.      Procedural Posture.**

On May 25, 2005, Plaintiff (Paul E. Trujillo) filed this claim in the State of New Mexico's Thirteenth Judicial District.  (Compl. 1.)  Plaintiff served  Defendant (Valero Energy Corporation) with a Summons and copy of the Complaint on November 22, 2005.  (Notice of Removal at 1.)

Defendant timely removed the instant personal injury claim to this Court (Doc. 1), on December 22, 2005.  The Notice of Removal invoked this Court's diversity jurisdiction and, therein, maintained that the amount-in-controversy exceeded $75,000.  (Notice of Removal ¶6 (citing 28

U.S.C. § 1332).)

On January 20, 2006, Plaintiff filed a Motion to Remand (Doc. 8). I issued a Memorandum Opinion and Order (Doc. 21) on March 27, 2006, remanding this case to the State of New Mexico's Thirteenth Judicial District. Thereafter, Plaintiff contacted Defendant seeking attorney's fees and costs. (Pl.'s Mot. for Attorney's Fees at 1.) According to Plaintiff, Defendant declined, at least in part, because Plaintiff had not raised the issue in his Motion to Remand. (*See id*.)

Plaintiff filed his Motion for Attorney's Fees (Doc. 23), pursuant to 28 U.S.C. § 1447(c), on April 26, 2006. By Plaintiff's own admission, the Motion to Remand "did not request attorney's fees and costs." (Pl.'s Mot. for Attorney's Fees at 1.)

## II.     Factual Background.

Plaintiff alleged that, at approximately 10:00 p.m. on May 28, 2002, he was injured at Defendant's Diamond Shamrock Service Station located at the intersection of Jarales and River Roads in Belen, New Mexico. (Compl. ¶7.) According to Plaintiff, while attempting to fuel his car the gas-pump handle suddenly separated from the hose and, "rising up erect under full pressure," struck Plaintiff's forehead. (Compl. ¶8.) Moreover, Plaintiff claimed that gasoline, flowing from the pump "at an unrestricted" rate, discharged directly into Plaintiff's eyes and mouth. (Compl. ¶8.) Despite his "screaming" for help, Plaintiff averred that Defendant's service station employees failed to promptly come to his aid. (Compl. ¶10-11.)

The Complaint did not quantify the amount of damages sought. Plaintiff did, however, describe the damages that he claimed Defendant's alleged negligence proximately caused:

> traumatization, temporary blindness, burns to skin, panic attacks and other psychological stress requiring therapy, past and future medical expenses, pain and suffering, loss of income, loss of care and management of household, farm and an

impaired ability to practice law, and other damages to be proven at trial.

(Compl. ¶15.) In addition to compensatory damages for the aforementioned injuries, Plaintiff sought costs and any "additional relief as the Court may deem proper." (Compl. 3.)

### III.    Plaintiff's Motion for Attorney's Fees.

#### a.    Jurisdiction exists to resolve Plaintiff's motion even though the Court remanded this matter on March 27, 2006.

As noted above, it is uncontested that: (1) Plaintiff did not seek an attorney's fee award in his Motion to Remand; and (2) this Court remanded the instant matter before Plaintiff filed his Motion for Attorney's Fees. (Pl.'s Mot. for Attorney's Fees at 1.) Less clear is whether the parties contest this Court's jurisdiction over Plaintiff's Motion for Attorney's Fees. (Def.'s Resp. to Pl.'s Mot. for Attorney's Fees at 7.) In any event, as explained below, the Court is satisfied that it is authorized to resolve the pending motion. *See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005).

The Court of Appeals for the Tenth Circuit has not yet considered whether a § 1447(c) award must be issued, if at all, in the remand order itself. Notably, however, the Court of Appeals for the Second Circuit recently addressed the issue. *See id.*; *see generally Admiral Fin. Corp. v. United States*, 378 F.3d 1336, 1340 (4th Cir. 2004) (noting that, when confronted with an issue of first impression, the courts of appeal "accord great weight to the decisions of . . . sister circuits" and "do not create conflicts among the circuits without strong cause") (internal quotation marks and citation omitted); *Grimland v. United States*, 206 F.2d 599, 601 (10th Cir. 1953) (same).

In *Bryant*, the court of appeals held that "a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued." *Bryant*, 420 F.3d at 165. The Second Circuit's reasoning was two-fold. First, the *Bryant* court found the Supreme Court's logic in *Cooter & Gell v. Hartmarx*, 496 U.S. 384 (1990) - which concluded that district courts have

3

jurisdiction to resolve motions for FED. R. CIV. P. 11 sanctions - applicable to § 1447(c):

> "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated."

*Bryant*, 420 F.3d at 165 (quoting *Cooter & Gell*, 496 U.S. at 395-96).

Second, the court of appeals declined to find that § 1447(c)'s language warranted a different outcome than that reached in *Cooter & Gell*. *See id.* In pertinent part, § 1447(c) provides that: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c).

The *Bryant* court acknowledged that this portion of § 1447(c) is ambiguous. *Bryant*, 420 F.3d at 164 (noting that the provision "might reasonably be construed to" mean that: (1) courts remanding cases "under § 1447(c) may only require payment of costs and expenses . . . in the order of remand itself"; or (2) courts can impose costs after issuing the remand order). But, importantly, the court of appeals also concluded that Congress had not intended to preclude courts from "issu[ing] an order pertaining to costs or expenses subsequent to remand." *Id*. As a result, the Second Circuit held "that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has issued." *Id*. at 165-66 (noting that "[a]ll of the other circuits that have addressed the question have reached the same conclusion") (citations omitted).

Pursuant to *Bryant*, the Court finds that it has jurisdiction to resolve Plaintiff's Motion for Attorney's Fees brought under § 1447(c). *See id*; *cf. Willy v. Coastal Corp.*, 503 U.S. 131, 138-39 (1992) (district court authorized to resolve a Rule 11 motion after it entered remand order for lack of subject-matter jurisdiction).

4

### b.     Defendant had objectively reasonable grounds to remove for § 1447(c) purposes.

Turning to the merits of Plaintiff's motion, Plaintiff seeks a § 1447(c) award for attorney's fees and costs. This Court's remand order determined that Defendant improperly removed this case from state court to federal district court. (Pl.'s Mot. for Attorney's Fees at 1.) Specifically, I held that the Complaint and Notice of Removal did not "affirmatively" demonstrate that Plaintiff's claims exceeded the $75,000 jurisdictional amount. *See Oklahoma Farm Bureau Mut. Ins. Co.*, 149 Fed. Appx. at 778 (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

As the Supreme Court recently noted: "Although § 1447(c) expressly permits an award of attorney's fees, it provides little guidance on when such fees are warranted." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 707 (2005). In *Martin*, the high court clarified that a district court has "wide discretion" to award fees, but that this discretion ought to:

> turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Id*. at 708, 711. This "reasonableness standard," therefore, reflects the *Martin* Court's "balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 126 S. Ct. at 711).

Because, here, Defendant had objectively reasonable grounds for removal, no § 1447(c) award is warranted. *See id*. First, reviewing the Complaint it is clear that Defendant's removal was not unreasonable *ab initio*. The Complaint - filed in May 2005 - prayed for damages related to Plaintiff's on-going injuries and medical expenses stemming from the May 2002 accident at

5

Defendant's gas station. (*E.g.*, Complaint ¶15 (claiming that he had incurred, *inter alia*, "past and future medical expenses").) Moreover, Plaintiff, a practicing attorney, claimed that his injuries had "impaired [his] ability to practice law" and sought to recover "loss of income." (Complaint ¶15.) These allegations could have provided Defendant with an "objectively reasonable basis" for believing that the case met the jurisdictional amount. *See Martin*, 126 S. Ct. at 711.

Second, as indicated in the remand order, Defendant's removal is best characterized as technically deficient. True, this Court ultimately found that it lacked subject-matter jurisdiction. But it did not suggest that the Notice of Removal was baseless or otherwise substantively lacking. To the contrary, in finding that Defendant failed to satisfy its burden, this Court noted the amount-in-controversy analysis' fact-sensitive and uncertain nature. For instance, the remand order underscored that defendant's ability to make the requisite showing was complicated by New Mexico Rule of Civil Procedure 1-010(B). *See* N.M. R. CIV. P. 1-010(B) (2006) ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount.").

Rule 1-010(B) bars plaintiffs from including "any specific monetary amount" of damages. *See id*. By rendering the amount-in-controversy analysis even more fact sensitive than it is ordinarily, it "places defendants in an unenviable position." (Mem. Op. & Order 8.) For instance, here, to withstand the remand motion - without engaging in discovery during a litigation's infancy, Rule 1-010(B) necessitated Defendant furnishing the Court with a "meaningful comparison of this matter to cases, with similar underlying facts and claims, where the amount-in-controversy exceeded $75,000." (Mem. Op. & Order 8.) The fact that Defendant's failure to give substantive treatment to precedential and persuasive decisions proved fatal to its efforts underscores that: Defendant *could*

have made the requisite amount-in-controversy showing, but *did not*. (*Id*. ("Defendant could have . . . met its burden.").)

Therefore, the Complaint's characterization of Plaintiff's on-going injuries and the uncertainty surrounding the amount-in-controversy analysis, taken together, gave Defendant "objectively reasonable" grounds to remove the instant claim to federal district court. *See Martin*, 126 S. Ct. at 707. Moreover, no "unusual circumstances" warrant departure from *Martin*'s general rule. *E.g.*, *id*. ("plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction"). Accordingly, Plaintiff's request for fees and costs will be denied.

### IV. Conclusion.

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees is **denied**.

**IT IS SO ORDERED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**